UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LIDIA RIVERA, on behalf of herself and all other
persons similarly situated,

                Plaintiffs,

    **COMPLAINT**

  -against-

A & D PRECISION INC. and WILFREDO CARILLO,

                Defendants.
-----------------------------------------------------------------------X

Plaintiff, LIDIA RIVERA ("Plaintiff") by and through her attorneys, the Romero Law Group PLLC, complaining of the Defendants, A & D PRECISION INC. and WILFREDO CARILLO, alleges as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA") on behalf of herself and all similarly situated current and former employees of Defendant, A & D PRECISION INC., who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. § 216(b).  Plaintiff seeks to recover damages for violations of the FLSA and the New York Labor Law.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.  In addition, the Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

4.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

1

5. Defendant, A & D PRECISION INC., does business in the County of Suffolk, State of New York within the Eastern District of New York.

## PARTIES

6. At all relevant times, Defendant, A & D PRECISION INC., had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees were engaged in painting and finishing metals used in aircrafts and used tools, equipment, paints, solvents, waxes, cleaning supplies and other materials, many of which originated in other states.

7. At all relevant times, Defendant, WILFREDO CARILLO ("CARILLO") is and was a shareholder and/or Officer of Defendant A & D PRECISION INC., had authority to make payroll and personnel decisions for A & D PRECISION INC., and was active in the day-to-day management of A & D PRECISION INC., including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff. Defendant CARILLO is liable to Plaintiff as an "employer" for the unpaid wages Plaintiff seeks to recover.

## FACTUAL ALLEGATIONS

8. Defendant, A & D PRECISION INC., is engaged in the painting of metal products for aircrafts.

9. Plaintiff was employed by Defendants as an hourly-paid worker from in or about October 1, 2021 until on or about August 25, 2023. Plaintiff's duties included cleaning and polishing aircraft parts.

10. During her employment with Defendants, Plaintiff regularly worked more than 40 hours per week. Plaintiff regularly worked Monday to Friday from 7:00 a.m. to at least 5:30 p.m.

or later. While Plaintiff began work each workday at 7:00 a.m. she often worked as late as 7:30 p.m. Plaintiff regularly worked Saturday from 7:00 a.m. to 12:00 p.m. or later.

11. Defendants failed to pay Plaintiff overtime at the rate of one and one-half times her regular rate of pay for hours worked in excess of 40 hours per week. Instead, Defendants paid Plaintiff at her regular hourly rate of pay, which ranged from $14 at the start of her employment to $15 at the end of her employment, for all hours worked each workweek, including hours worked after 40 hours in a single workweek.

12. Defendants made unlawful deductions to Plaintiff's wages. As a result, Defendants paid Plaintiff at a rate that fell below the New York Minimum Wage.

13. Throughout her employment with Defendants, Plaintiff regularly worked more than 10 hours in a single workday.

14. Defendants failed to pay Plaintiff one addition hour's pay at the Minimum Wage rate ("spread-of-hours pay") for each workday in which her spread of hours exceeded 10 hours.

15. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the New York State Labor Law by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

16. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. § 516.4 and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 § 146-2.4.

17. Defendants failed to provide Plaintiff upon hire written notice of her rate of pay and other information required by Section 195(1) of the New York State Labor Law.

18. Defendants paid Plaintiff's wages entirely in cash and failed to provide Plaintiff with accurate statements each pay period indicating the number of overtime hours worked,

overtime rate of pay and other information required by Section 195(3) of the New York State Labor Law.

## COLLECTIVE ACTION ALLEGATIONS

19. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

20. The named-Plaintiff is representative of those other workers and are acting on behalf of the Defendant's current and former employees' interests as well as her own interest in bringing this action.

21. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of herself and similarly situated employees who are currently or have been employed by Defendant as non-exempt hourly paid workers at any time during the three (3) years prior to the filing of their respective consent forms.

22. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

23. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

24. Defendants employed Plaintiff and similarly situated employees for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiff and similarly situated

4

employees overtime compensation for time worked in excess of forty (40) hours per week in violation of the FLSA.

25. Defendant's violations of the FLSA as described in this Complaint have been willful. Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

26. As a result of Defendant's unlawful acts, Plaintiff and each Opt-In Plaintiff is entitled to recovery from Defendant unpaid overtime compensation in an amount to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## OVERTIME NEW YORK LABOR LAW

27. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

28. Defendant employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to pay them overtime compensation for time worked in excess of forty (40) hours per week in violation of the New York Labor Law.

29. Defendant's violations of the New York Labor Law as described in this Complaint have been willful.

30. Plaintiff is entitled to recover from Defendant the amount of unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
## SPREAD-OF-HOURS PAY

31. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

32. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate for each day the spread of hours exceeded 10 hours in violation of 12 N.Y.C.R.R. § 142.

33. Defendants' failure to pay spread-of-hours pay was willful.

34. Plaintiff is entitled to recover unpaid wages, liquidated damages, statutory interest and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW § 193

35. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

36. Defendants made unlawful deductions to Plaintiff's cash wages in violation of New York Labor Law § 193.

37. Defendant's violations of the New York Labor Law as described in this Complaint have been willful.

38. Plaintiff is entitled to recover from Defendant wages unlawfully withheld, liquidated damages, and attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF
## WAGE NOTICE VIOLATION

39. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

40. Defendant failed to provide Plaintiffs with notice of their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by New York Labor Law Section 195(1).

41. Due to Defendant's failure to provide Plaintiffs with the notice required by New York Labor Law §195(1), Defendant is liable to each Plaintiff for statutory damages of up to $5,000 pursuant to New York Labor Law Section 198.

## SIXTH CLAIM FOR RELIEF
## WAGE STATEMENT VIOLATION

42. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

43. Defendant failed to provide Plaintiffs with an accurate statement of their wages each pay period as required by Labor Law Section 195(3) of the Labor Law.

44. Due to Defendant's failure to provide Plaintiffs with the notice required by New York Labor Law §195(3), Defendant is liable to each Plaintiff for statutory damages of up to $5,000 pursuant to New York Labor Law Section 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i.) Certification of a collective action pursuant to 29 U.S.C. § 216(b);

(ii.) An order authorizing the dissemination of notice of the pendency of this action;

(iii.) Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq.;

(iv.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(v.) Damages pursuant to NYLL § 198(1-a);

(vi.) Pre-judgment and post-judgment interest as permitted by law;

(vii.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims; and

(viii.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
November 8, 2023

          ROMERO LAW GROUP PLLC

        By: */s Peter A. Romero*

          Peter A. Romero, Esq.
          490 Wheeler Road, Suite 250
          Hauppauge, New York 11788
          Tel. (631) 257-5588
          promero@romerolawny.com

          *Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, A & D Precision, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. [This has been read to me in Spanish.]

_____          09/14/2023
Lidia Rivera                              Date